## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HERMAN WILLIAMS, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-cv-1210-MJR |
| | ) | |
| STEPHEN DUNCAN, | ) | |
| LT. DALLAS, | ) | |
| SGT. CASHBURN, and | ) | |
| COUNSELOR RAY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Proceeding *pro se*, Plaintiff Herman Williams filed the instant civil rights action pursuant to 42 U.S.C. § 1983 on November 3, 2016. (Doc. 1). Plaintiff did not include a request for relief in his Complaint, which is a requirement for every pleading under Federal Rule of Civil Procedure 8(a). On April 5, 2017, the Court entered an Order requiring Plaintiff to submit a properly completed complaint, with a request for relief, within 28 days of the Order (on or before May 3, 2017). (Doc. 9). Plaintiff was warned that failure to file an amended complaint by the deadline or consistent with the Court's Order (Doc. 9) would result in dismissal of the action and striking of the Complaint. *Id*. (citing FED. R. CIV. P. 41(b)).

The deadline for filing the amended complaint has now passed. Plaintiff did not file a First Amended Complaint. He also did not request an extension of the deadline for doing so. The Court will not allow this matter to linger indefinitely.

Accordingly, the action is hereby **DISMISSED without prejudice**, without leave to amend, based on Plaintiff's failure to comply with this Court's Order (Doc. 9) dated April 5,

2017 and/or failure to prosecute his claims.  *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).  This dismissal shall not count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff's Motion for Service of Process at Government Expense (Doc. 3) is **DENIED** as moot.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case.  Accordingly, the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 10, 2017**

s/ MICHAEL J. REAGAN
**United States Chief District Judge**